IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES H. TAYLOR, : | |
| : | |
| Petitioner, : | CIVIL ACTION |
| : | |
| v. : | NO. 07-4814 |
| : | |
| TROY LEVI, : | |
| : | |
| Respondent. : | |

**MEMORANDUM ORDER**

**AND NOW,** this _____ day of June 2008, upon consideration of Petitioner's Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241(c)(3) (Doc. 2) and Petitioner's Motion for Preliminary Injunctive Relief (Doc. 3), **IT IS HEREBY ORDERED and DECREED** that Petitioner's Amended Habeas Petition (Doc. 2) and Petitioner's Motion (Doc. 3) are **DENIED**.

Petitioner, James Taylor, filed an amended § 2241 habeas petition requesting that this Court direct the state of Florida to resolve his probation violation. He is presently serving a federal Texas sentence at the Federal Detention Center(FDC)-Philadelphia, and Florida has lodged a detainer against him for a violation of probation. The violation will heard once he has completed his sentence. Petitioner contends that the Florida detainer prevents him from taking advantage of certain benefits that would be available to him as he nears completion of his sentence, such as the ability to spend the last six months of his sentence in a half way house. Petitioner seeks speedy resolution of his probation violation by the state of Florida in order that the aforementioned restrictions on benefits may be removed. Petitioner also seeks a preliminary injunction to prevent his transfer out of the Eastern District of Pennsylvania during the pendency of resolution of his habeas petition and any associated appeals.

Section 2241(c)(3) permits a federal court to grant a writ of habeas corpus where the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Here, assuming even arguendo that this Court had authority to order the state of Florida to act, Petitioner has no constitutional right to have his probation violation resolved prior to completion of his current sentence. See Carchman v. Nash, 473 U.S. 716, 731 n.10 (1985) (stating that a prisoner subject to a probation-violation detainer has no constitutional right to have his detainer heard in a speedy manner while serving a separate sentence); Moody v. Daggett, 429 U.S. 78, 85 (1976) (concluding that no loss of liberty interest arises from the issuance of a parole violator warrant and lodging of a detainer; instead, a liberty interest is implicated when the warrant is executed); see also United States ex.rel. Caruso v. U.S. Bd. of Parole, 570 F.2d 1150, 1153-54 (3d Cir. 1978) (applying rule of law announced in Moody to case involving federal violation detainer lodged with state of New Jersey). Thus, his amended habeas petition is denied.

Petitioner is also not entitled to a preliminary injunction preventing his transfer out of the territorial limits of the Eastern District of Pennsylvania. Injunctive relief is an extraordinary remedy, which should only be granted in limited circumstances. American Tel. and Tel. Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421, 1426-27 (3d Cir. 1994). In ruling on a motion for preliminary injunction, a court must consider four factors:

> (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest.

Allegheny Energy, Inc. v. DQE, Inc., 171 F.3d 153, 158 (3d Cir. 1999) (quoting Am. Civil Liberties Union of N.J. v. Black Horse Pike Regional Bd. of Educ., 84 F.3d 1471, 1477 n.2 (3d Cir. 1996) (en banc)); accord American Tel., 42 F.3d at 1427. Here, the factors do not favor a grant of a

2

preliminary injunction. Because Petitioner has no reasonable probability of success on the merits because, as stated above, he has no constitutional right to speedy resolution of his probation violation prior to completing his current sentence. He will not be irreparably harmed by a transfer from the FDC-Philadelphia, the federal prison within the Eastern District of Pennsylvania's territorial limits. Respondent, the warden of the FDC-Philadelphia, will likely not be irreparably harmed but both Respondent and the general public interest have a strong interest in the housing and transfer of inmates as deemed necessary under applicable guidelines. Accordingly, Petitioner's motion for preliminary injunction is denied.

     **IT IS FURTHER ORDERED** that the Clerk of the Court shall mark the above-captioned action **CLOSED**.

                                             **BY THE COURT:**

                                             **/s/ Petrese B. Tucker**
                                             _____
                                             **Hon. Petrese B. Tucker, U.S.D.J.**